# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| KYLE RIMER, *et al.*, | ) |
|     *Plaintiffs*, | ) Case No. 2:16-cv-155 |
| v. | ) Judge Travis R. McDonough |
| AARON'S, INC. d/b/a AARON'S, | ) Magistrate Judge Clifton L. Corker |
|     *Defendant*. | ) |

## ORDER

On May 3, 2017, United States Magistrate Judge Clifton L. Corker filed his Report and Recommendation (Doc. 22) pursuant to 28 U.S.C. § 636(b)(1). Magistrate Judge Corker recommended that Plaintiffs' motion to modify the scheduling order and for leave to file amended complaint (Doc. 18) be granted in part and denied in part. (Doc. 22.) Specifically, Magistrate Judge Corker recommended that Plaintiffs be allowed to amend their complaint past the scheduling order deadline to add a claim that Defendant engaged in deceptive acts in violation of the Tennessee Consumer Protection Act ("TCPA") by claiming that it had trained and experienced technicians to install its products upon delivery. (*Id.*) Magistrate Judge Corker recommended that Plaintiffs' motion be denied to the extent it seeks to add a claim for violation of the TCPA for creating the misleading impression that product delivery would result in a complete installation. (*Id.*)

Neither party has filed any objections to Magistrate Judge Corker's Report and Recommendation.[1] Nevertheless, the Court has conducted a reviewed the Report and Recommendation, as well as the record, and it agrees with Magistrate Judge Corker's well-reasoned conclusions.

Accordingly, the Court will **ACCEPT** and **ADOPT** Magistrate Judge Corker's Report and Recommendations (Doc. 22) and will **ORDER** as follows:

1. Plaintiffs' motion to modify the scheduling order and for leave to file amended complaint (Doc. 18) is **GRANTED IN PART** to the extent it seeks leave to file an amended complaint after the scheduling order deadline to add a TCPA claim against Defendant alleging that it created a false and misleading impression that delivery and installation of its products would be performed by a trained and experienced technician;

2. Plaintiffs' motion (Doc. 18) is **DENIED IN PART** to the extent it seeks to add a TCPA claim for creating a false and misleading impression that its delivery and set up would result in complete installation;

3. Plaintiffs' revised amended complaint (Doc. 26) is hereby **DEEMED FILED**; and

---

[1] Magistrate Judge Corker specifically advised the parties that they had fourteen days in which to object to the Report and Recommendation and that failure to do so would waive the right to appeal. (Doc. 22, at 9 n.4); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148–51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Even taking into account three additional days for service provided by Federal Rule of Civil Procedure 6(d), the period in which the parties could timely file any objections has now expired.

4. Given the June 5, 2017, discovery deadline, the parties are **ORDERED** to file a joint status report within **seven days** addressing any additional discovery that would need to occur as a result of the amended complaint.[2]

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[2] The parties are reminded, however, that Plaintiffs conceded in their motion to amend that discovery on their TCPA claim "should not require a renewal of Plaintiffs['] depositions and time exists for Defendant to serve additional interrogatories or requests for production." (Doc. 19, at 10.)